# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SENECA JOHNSON, CORY JONES, EDDIE JONES, COLUMBUS MCGREW and DERRICK MOORE, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. |
| v. | ) ) | Jury Trial Demanded |
| CATERPILLAR INC., | ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiffs Seneca Johnson, Cory Jones, Eddie Jones, Columbus McGrew and Derrick Moore, by and through their attorneys Stowell & Friedman, Ltd., for their Complaint against the Defendant, Caterpillar Inc., allege as follows:

## PARTIES

1. Defendant Caterpillar Inc. ("Caterpillar," "Company" or "Defendant") is the world's leading manufacturer of construction and mining equipment, diesel and natural gas engines, industrial gas turbines and diesel-electric locomotives. Caterpillar is a publicly traded, Fortune 100 corporation incorporated in Delaware and headquartered in Peoria, Illinois. For the 2014 fiscal year, Caterpillar reported revenues of $55.18 billion. Caterpillar employs over 50,000 people in the United States, including approximately 2,800 employees in a manufacturing operation in Aurora, Illinois (the "Aurora facility").

2. Plaintiffs Seneca Johnson ("Johnson"), Cory Jones ("C. Jones"), Eddie Jones ("E. Jones"), Columbus McGrew ("McGrew") and Derrick Moore ("Moore") (collectively "Plaintiffs") are African American and work or worked in Caterpillar's Aurora facility.

Plaintiffs are members of the United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") Local 145. Throughout their employment at Caterpillar, Plaintiffs have been subjected to racial discrimination, harassment and retaliation. Plaintiffs have lost income and suffered other harm as a result of Defendant's unlawful conduct.

## JURISDICTION AND VENUE

3. Plaintiffs' claims arise under 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964 as amended ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17; and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq.*[1] This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b). Defendant is licensed to do business and maintains facilities in this District, and Plaintiffs work or worked for Defendant in this District, in which a substantial part of the unlawful conduct complained of occurred.

## FACTUAL ALLEGATIONS

5. Caterpillar has and is engaged in a plant-wide pattern or practice of racial discrimination, harassment and retaliation against African Americans at the Company's Aurora facility. Caterpillar maintains plant-wide racial bias that results in differential treatment, discipline, advancement opportunities and racial segregation.

6. Plaintiffs are or were employed in Caterpillar's Aurora facility. Caterpillar employs approximately 2,800 employees at this location, the overwhelming majority of whom

---

[1] Plaintiffs Cory Jones and Columbus McGrew have filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR") and intend to amend Plaintiffs' Complaint to include claims of race discrimination and retaliation under Title VII and the IHRA after they have exhausted their administrative remedies.

are not African American. Throughout Plaintiffs' employment, they discharged all duties assigned to them competently and enjoyed good reputations with regard to the quality of their work and their conscientious devotion to their jobs. Nevertheless, Caterpillar subjected Plaintiffs to racial discrimination and retaliation by many of the same Caterpillar supervisors and the same facility manager.

7. In addition, Caterpillar knowingly employs facility-wide policies and practices that have a disparate impact on African Americans, including Plaintiffs. Caterpillar's systemic discrimination and retaliation against African Americans, including Plaintiffs, includes but is not limited to the following policies and practices:

    a. Denying Plaintiffs and African Americans training and/or advancement opportunities, including to higher level and higher paying positions in management and/or supervisory roles on account of race;

    b. Employing racially discriminatory policies and practices with regard to pay and performance evaluations;

    c. Employing racially discriminatory and harassing policies and practices with regard to job assignments and roles, and discipline, including but not limited to termination;

    d. Negligently hiring and/or retaining employees with known propensities to discriminate against or harass African Americans, including Plaintiffs;

    e. Creating and maintaining an environment that is hostile and offensive to African Americans, including Plaintiffs, including but not limited to referring to African Americans in a racially derogatory manner and applying workplace rules and regulations in a racially biased manner;

    f. Failing to respond properly to or to remedy Plaintiffs' complaints of racial discrimination; and

    g. Retaliating against Plaintiffs and other African Americans who complained about discrimination by, among other things, failing to properly investigate or take corrective action to end discriminatory practices and/or subjecting Plaintiffs and other African Americans to further discrimination, retaliation, verbal attacks, discipline and/or termination.

8. Caterpillar's racial bias and discrimination is illustrated in part by the Company's organizational leadership, which is nearly devoid of African Americans. No member of Caterpillar's Board of Directors is African American. Only one of the thirty-eight (38) corporate officers listed on the company's website is African American. Similarly, African Americans are underrepresented in management and in the workforce at the Company's Aurora facility, where they also suffer high rates of attrition due to systemic discrimination.

9. Caterpillar's Labor Relations and Human Resources departments further the racially biased corporate culture and racial discrimination and retaliation against African Americans at the Company's Aurora facility. Because Caterpillar has no sincere desire to employ or retain Plaintiffs or other African Americans on equal terms as non-African American employees, Caterpillar does not effectively monitor the treatment of African American employees or properly investigate and resolve their complaints of racial discrimination. For example, instead of taking corrective action in response to Plaintiffs' complaints of discrimination, Caterpillar subjected Plaintiffs to retaliation.

10. The racial discrimination, harassment and retaliation set forth in Plaintiffs' Complaint is ongoing and constitutes a continuing violation of the civil rights laws.

*Plaintiff Seneca Johnson*

11. Plaintiff Johnson joined Caterpillar's Aurora facility in 2007 as an Assembler, Second Shift. Since then he has diligently worked to advance his position within the Company, moving to Assembler, First Shift in 2008, and later joining the four-piece axle team in 2012. In early 2013, Johnson was named Team Lead of the four-piece axle team.

12. Below are just a few examples of the discrimination, harassment and retaliation to which Johnson has been subjected:

- During a meeting on March 7, 2013, the Facility Manager grabbed Johnson's arm and refused to allow Johnson to go to the restroom, telling him, "Sit down, you can wait," or words to that effect. Johnson sought help from his Supervisor, but instead of addressing the harassment and physical restraint, the Supervisor told Johnson he would have fired him if Johnson had a past disciplinary record. The Facility Manager then harassed Johnson in retaliation for his complaint, and told Johnson he was "nothing, not a team player, and not management material." When Johnson again reported this harassment to his Supervisor, the Supervisor demoted Johnson from the Team Lead position "because filing a grievance against the big boss is not being a team player," or words to that effect.

- A few days later, Johnson's Supervisor and his Union Steward escorted Johnson to meet with a Labor Relations and Human Relations Representative to discuss Johnson's complaints of harassment. As they walked, Johnson's Supervisor said to Johnson, "Let's walk the Green Mile," referring to a motion picture in which the protagonist, an African American inmate on death row, is escorted to the death chamber by white men. Johnson's Union Steward asked the Supervisor if he knew "that the guy dies in the movie?" or words to that effect. The Supervisor acknowledged he knew and understood the reference and that he had "said it to another black employee [he] escorted out after being laid off," or words to that effect.

- In or around April 2013, the Facility Manager told Johnson "Fuck you. No one believes you and that's why I'm still here," or words to that effect. Although Johnson was eventually restored to the Team Lead position, neither the supervisor nor the Facility Manager was disciplined, and Johnson was forced to continue working for the white men who were discriminating and retaliating against him.

*Plaintiff Cory Jones*

13. Plaintiff C. Jones joined Caterpillar's Aurora facility in October 2007 as an Assembly worker.

14. Below are just a few examples of the discrimination, harassment and retaliation to which C. Jones has been subjected:

- C. Jones's Floor Inspector made several racist, offensive and threatening comments about African Americans, including references to lynchings and "Planet of the Apes." C. Jones told the Floor Inspector his comments were racist and he should leave C. Jones's work area. Caterpillar terminated the Floor Inspector, but also terminated C. Jones for using profanity in response to the Floor Inspector's overt racial harassment – despite failing to discipline non-African American employees for conduct that was far more egregious. Caterpillar later rehired both C. Jones and the Floor Inspector who made the racist comments. Caterpillar also told C. Jones he would have to work with the Floor Inspector.

5

- Caterpillar assured C. Jones after his rehiring that his disciplinary record would be clean. After C. Jones again complained about further racial harassment, C. Jones's Supervisor deliberately put false statements in C. Jones's personnel record, including that Jones had been fired for "unsatisfactory job performance" and that C. Jones's production was slow because he talked too much on the job. After Jones filed a grievance about these false statements, Caterpillar expunged the statement about talking too much, but refused to correct the purported reason for C. Jones's prior termination. This false and defamatory statement remains on his record and continues to impede his career and to obstruct opportunities for internal advancement.

- C. Jones's Supervisor has imposed an unreasonable quota for C. Jones's work production that does not apply to the three non-African Americans who perform the very same job and who are demonstrably less productive than C. Jones.

### *Plaintiff Eddie Jones*

15.   Plaintiff E. Jones joined Caterpillar's Aurora, Illinois manufacturing facility in 2006 as an Assembly worker.

16.   Throughout his first eight years of employment at Caterpillar, E. Jones had a pristine record for performance and attendance, and he never received a written warning or any other form of discipline.

17.   Below are just a few examples of the discrimination, harassment and retaliation to which E. Jones has been subjected:

- His Supervisor, a non-African American, has falsely and unjustifiably attributed any mistakes in the work area to E. Jones – the only African American working in that area – and subjected him to discriminatory disciplinary action.

- One day his Supervisor asked E. Jones why he was not helping his non-African American coworker, and gave E. Jones a verbal warning for preparing hydraulic tanks on the floor rather than on a stand. A few days later, the Supervisor chastised E. Jones for preparing hydraulic tanks on a stand rather than on the floor – exactly what the Supervisor had instructed E. Jones to do. A few days after that, the supervisor chastised E. Jones for helping his non-African American coworkers, saying "I need you to do your job," or words to that effect. E. Jones filed union grievances to protest the harassing and discriminatory treatment, to no avail.

6

- E. Jones reported his unlawful treatment to Caterpillar's Human Resources and Labor Relations departments in a written complaint detailing his hostile and discriminatory work environment and unwarranted discipline. Without conducting a reasonable investigation, or interviewing any of the witnesses E. Jones had identified, Caterpillar issued a summary finding that his work environment was "not abusive, hostile, or intimidating."

- Following E. Jones' complaint of discrimination to Caterpillar and the filing of his EEOC Charge, he was subjected to further discrimination and retaliation. For example, E. Jones' Supervisor issued a written warning to E. Jones that was later determined to be false and was expunged from E. Jones's record.

18. Because Caterpillar failed to adequately address or take any corrective action in response to E. Jones's complaint of racial discrimination, he filed a charge of discrimination with the EEOC on or about July 22, 2014.

*Plaintiff Columbus McGrew*

19. Plaintiff McGrew was employed by Caterpillar as an Assembly worker in its Aurora facility from approximately 2005 until his unlawful termination on or around June 16, 2014.

20. Below are just a few examples of the discrimination, harassment and retaliation to which McGrew was subjected:

- Assembly workers are assigned an area or "zone" where they perform specific tasks, and Caterpillar hires consultants to conduct time studies of the work done. Based on these time studies, Caterpillar imposes production quotas on assembly workers. Without conferring with any of the time-study consultants, one of McGrew's white supervisors harassed McGrew by unilaterally taking work out of the zones of white Assembly workers and requiring McGrew to complete the work. As a result, McGrew had little or no time to rest between tasks while his white coworkers had extra time to rest because he was performing their work, creating a racially hostile work environment. McGrew filed a grievance against his Supervisor, but Caterpillar took no corrective action. Indeed, on information and belief, Caterpillar has since moved the same Supervisor to a position in Human Resources.

- McGrew was suspended by a white manager in training for going to a restroom outside his work area, even though that restroom was closer to his workstation.

- A white Supervisor of an adjacent work area harassed McGrew by pretending to film him with a smartphone as he worked. Shortly after McGrew complained to Human Resources regarding this harassment, the Supervisor falsely accused McGrew of failing to cooperate with a coworker on the other side of the assembly line and threatening his coworker. McGrew was summarily terminated and escorted out of the Aurora facility.

*<u>Plaintiff Derrick Moore</u>*

21. Plaintiff Moore was employed at Caterpillar's Aurora facility from 2005 through December 2013, initially as an assembly and test specialist and then as a quality specialist/inspector.

22. Because most of Caterpillar's supervisory positions (ostensibly) require a college degree, Moore took advantage of Caterpillar's tuition reimbursement plan and, in 2008, obtained his bachelor's degree from Robert Morris University. Nevertheless, Moore was unable to overcome the racial barriers to meaningful advancement at Caterpillar.

23. Below are just a few examples of the discrimination, harassment and retaliation to which Moore was subjected:

- During his employment, Moore applied for over 90 engineering and supervisory positions requiring a college degree, only to observe that these positions were given to non-African Americans – many of whom he believed lacked a college degree. Moore told his Plant Manager and the Superintendent that he believed he was treated differently and less favorably and was denied opportunities on account of his race.

- After passing a test, Moore became the only African American quality specialist/inspector. Caterpillar denied Moore the resources and support it gave to the other, non-African American inspectors, such as company phones, desks and computers.

24. In December 2013, Moore had no choice but to leave Caterpillar because he could no longer endure Caterpillar's discriminatory treatment and the lack of opportunity for African Americans.

**Plaintiffs Were Harmed And Suffered Damages Due To Defendant's Unlawful Conduct**

25. Plaintiffs have been harmed by Caterpillar's unlawful conduct, including its racial discrimination, hostile work environment, harassment and retaliation.

26. Caterpillar's unlawful conduct caused Plaintiffs to suffer significant wage and financial losses and irreparably damaged Plaintiffs' careers and reputations.

27. Caterpillar's unlawful conduct has caused Plaintiffs to suffer emotional and mental distress, embarrassment and humiliation, loss of enjoyment of life, inconvenience, and other non-pecuniary losses.

28. By the acts and conduct described above, Caterpillar intended to cause Plaintiffs severe emotional distress, or acted in reckless disregard that their actions had caused and would cause Plaintiffs such injury.

29. Punitive damages are appropriate because Caterpillar's conduct was malicious and/or Caterpillar was recklessly indifferent to the federally protected rights of Plaintiffs.

## COUNT I
*(All Plaintiffs)*

**RACIAL DISCRIMINATION AND RETALIATION IN VIOLATION OF 42 U.S.C. § 1981**

30. Plaintiffs reallege paragraphs 1 through 31 above and incorporate them by reference as though fully stated herein as part of Count I of this Complaint.

31. Defendant maintained discriminatory and harassing employment practices and engaged in racial discrimination and retaliation against Plaintiffs that constitute illegal intentional racial discrimination in violation of 42 U.S.C. § 1981.

32. Plaintiffs were subjected to and harmed by Defendant's discrimination.

33. Plaintiffs were also subjected to and harmed by Defendant's retaliation when they complained about Defendant's discriminatory policies, practices and conduct.

34. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races the same right to make and enforce contracts, regardless of race. The term "make and enforce" contracts includes the making, performance, modification and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship.

35. Section 1981 makes it unlawful for an employer to retaliate against an employee because that employee engaged in protected activity, such as filing a charge of discrimination against his employer or complaining to his employer about discrimination on the job.

36. Plaintiffs engaged in protected activity by complaining about and reporting racial discrimination, a hostile work environment and retaliation to Defendant.

37. Defendant took adverse employment actions against Plaintiffs in retaliation for engaging in this protected activity.

38. As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered damages.

## COUNT II
*(Plaintiffs Seneca Johnson and Eddie Jones)*

**RACIAL DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII, 42 U.S.C. § 2000e,** *et seq.*

39. Plaintiffs Seneca Johnson and Eddie Jones reallege paragraphs 1 through 31 above and incorporate them by reference as though fully stated herein as part of Count II of this Complaint.

40. Plaintiffs Seneca Johnson and Eddie Jones filed Charges of Discrimination with the EEOC challenging discrimination. The EEOC issued Rights to Sue on these Charges of Discrimination.

41. Title VII, 42 U.S.C. § 2000e-2, makes it unlawful for an employer to discriminate against any individual in the terms, conditions or privileges of employment on the basis of race.

42. Title VII also makes it unlawful for an employer to limit, segregate or classify its employees or applicants for employment in any way that would deprive or tend to deprive any individual of employment opportunities, or otherwise adversely affect his status as an employee, because of such individual's race, color or national origin.

43. It is unlawful for an employer to use an employment practice that causes a disparate impact on the basis of race, color or national origin; to engage in racially biased decision-making and treatment; or to make decisions infected by racial stereotypes.

44. Title VII also makes it unlawful for an employer to retaliate against an employee because that employee engaged in protected activity, such as filing a charge of discrimination against her employer or complaining to her employer about discrimination on the job.

45. Plaintiffs Seneca Johnson and Eddie Jones engaged in protected activity by complaining about and reporting racial discrimination, a hostile work environment and retaliation to Caterpillar.

46. Defendant took adverse employment actions against Plaintiffs Seneca Johnson and Eddie Jones in retaliation for engaging in this protected activity.

47. Through the conduct alleged in this Complaint, Caterpillar violated Title VII by subjecting Plaintiffs Seneca Johnson and Eddie Jones to racial discrimination, harassment and a hostile work environment.

48. As a direct and proximate result of Defendant's conduct, Plaintiffs Seneca Johnson and Eddie Jones have suffered damages.

49. By its conduct as alleged herein, Defendant unlawfully discriminated against Plaintiffs Seneca Johnson and Eddie Jones in violation of Title VII, under both differential treatment and disparate impact theories of liability.

## COUNT III
*(Plaintiffs Seneca Johnson and Eddie Jones)*

**RACIAL DISCRIMINATION AND RETALIATION IN VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT, 775 ILCS 5/1-101** *et seq.*

50. Plaintiffs Seneca Johnson and Eddie Jones reallege paragraphs 1 through 31 above and incorporate them by reference as though fully stated herein as part of Count III of this Complaint.

51. Defendant is an employer within the meaning of the Illinois Human Rights Act.

52. Plaintiffs were and are employees of Defendant as defined by the Illinois Human Rights Act.

53. 775 ILCS 5/2-102 makes it unlawful for an employer to discriminate against any individual in the terms, conditions or privileges of employment on the basis of race.

54. 775 ILCS 5/6-101 makes it unlawful for an employer to retaliate against any individual because that individual opposed conduct which he believes in good faith to be unlawful discrimination.

55. Plaintiffs Seneca Johnson and Eddie Jones engaged in protected activity by complaining about and reporting racial discrimination, a hostile work environment and retaliation to Caterpillar.

56. Defendant took adverse employment actions against Plaintiffs Seneca Johnson and Eddie Jones in retaliation for engaging in this protected activity.

57. Defendant subjected Plaintiffs Seneca Johnson and Eddie Jones to discriminatory, harassing and retaliatory race-based conduct in violation of the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq*.

58. As a direct and proximate result of Defendant's conduct, Plaintiffs Seneca Johnson and Eddie Jones have suffered damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and all others similarly situated respectfully request that this Court find in their favor and against Defendant Caterpillar Inc. as follows:

a. Declare that the acts and conduct of Caterpillar violate 42 U.S.C. § 1981;

b. Declare that the acts and conduct of Caterpillar violate Title VII;

c. Declare that the acts and conduct of Caterpillar violate the Illinois Human Rights Act;

d. Award Plaintiffs the value of all compensation and benefits lost as a result of Caterpillar's unlawful conduct;

e. Award Plaintiffs the value of all compensation and benefits they will lose in the future as a result of Caterpillar's unlawful conduct;

f. Award Plaintiffs compensatory damages, including but not limited to lost future wages, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

g. Award Plaintiffs punitive damages due to Caterpillar's malice and/or reckless indifference to the federally protected rights of Plaintiffs;

h. Award Plaintiffs prejudgment interest;

i. Award Plaintiffs attorneys' fees and costs; and

j. Award Plaintiffs such other make whole equitable, injunctive and legal relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully Submitted,

*/s/ Linda D. Friedman*

Linda D. Friedman
Jennifer Schoen Gilbert
Patricia A. Bronte
**STOWELL & FRIEDMAN, LTD.**
303 W. Madison, Suite 2600
Chicago, Illinois 60606
Phone: 312.431.0888
Fax:    312.431.0228